**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**CENTRAL DIVISION**

TOMASA NEAL                                                    PLAINTIFF

v.                              4:26-cv-00263-BSM-JJV

FRANK BISIGNANO,
Commissioner,
Social Security Administration,                               DEFENDANT

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

## INSTRUCTIONS

This recommended disposition has been submitted to United States District Judge Brian S. Miller. The parties may file specific objections to these findings and recommendations and must provide the factual or legal basis for each objection. The objections must be filed with the Clerk no later than fourteen (14) days from the date of the findings and recommendations. A copy must be served on the opposing party. The district judge, even in the absence of objections, may reject these proposed findings and recommendations in whole or in part.

## RECOMMENDED DISPOSITION

Plaintiff, Tomasa Neal, has appealed the final decision of the Commissioner of the Social Security Administration to deny her claim for supplemental security income and disability insurance benefits. The Administrative Law Judge (ALJ) concluded Plaintiff had not been under a disability within the meaning of the Social Security Act, because jobs existed in significant numbers she could perform despite her impairments. (Tr. 4526-4545.)

This review function is extremely limited. A court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and to analyze whether Plaintiff was denied benefits due to legal error. *Long v. Chater*, 108 F.3d

185, 187 (8th Cir. 1997); *see also*, 42 U.S.C. § 405(g).   Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.  *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Reynolds v. Chater*, 82 F.3d 254, 257 (8th Cir. 1996).

In assessing the substantiality of the evidence, courts must consider evidence that detracts from the Commissioner's decision as well as evidence that supports it; a court may not, however, reverse the Commissioner's decision merely because substantial evidence would have supported an opposite decision.  *Woolf v. Shalala*, 3 F.3d 1210, 1213 (8th Cir. 1993).

The history of the administrative proceedings of this case is quite long.  This case was remanded twice – by the Appeals Council and later by the U.S. District Court.  But the statement of facts relevant to this decision that are contained in the respective briefs are not in serious dispute. Therefore, they will not be repeated in this opinion except as necessary.  After careful review of the pleadings and evidence in this case, I find the Commissioner's decision is supported by substantial evidence and Plaintiff's Complaint should be DISMISSED.

Plaintiff is young – only thirty-eight years old. (Tr. 55.)  She has past relevant work as a census clerk.  (Tr. 4543.)

The ALJ[1] first found that Ms. Neal has not engaged in substantial gainful activity since her alleged onset date of April 3, 2017.  (Tr. 4529.)  She has "severe" impairments in the form of "degenerative disc disease of the lumbar spine, gastroparesis/cannabis hyperemesis syndrome,

---

[1]  The ALJ followed the required sequential analysis to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; and (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy.  20 C.F.R. §§ 416.920(a)-(g) and 404.1520(a)-(g).

PTSD, bipolar disorder, ADHD, and borderline personality." (Tr. 4530.)  Next, the ALJ found

Ms. Neal did not have an impairment or combination of impairments meeting or equaling an

impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1.[2]  (Tr. 4531-4533.)

The ALJ determined Ms. Neal had the residual functional capacity (RFC) to perform a

reduced range of light work.  (Tr. 4533.)  Specifically, the ALJ concluded Plaintiff could:

> perform the full exertional range of light work, as defined in 20 CFR 404.1567(b)
> and 416.967(b), including the ability to lift and/or carry 20 pounds occasionally and
> 10 pounds frequently. She can occasionally balance, stoop, kneel, crouch, crawl,
> and climb ramps and stairs. She cannot climb ladders, ropes or scaffolds, or work
> at unprotected heights, or operate heavy machinery. She can understand, remember
> and carry out simple instructions that can be learned and mastered in up to 30 days'
> time or less. At such levels, she can maintain concentration, persistence or pace
> throughout a normal workday or workweek, make routine work-related decisions,
> plan and set goals, adapt to routine workplace changes, travel, and recognize and
> avoid ordinary workplace hazards.

(*Id.*)

Given this RFC finding, the ALJ determined Ms. Neal could no longer perform her past

relevant work.  (Tr. 4543.)  Accordingly, the ALJ utilized the services of a vocational expert to

help determine if jobs existed that Plaintiff could perform despite her impairments.  (Tr. 4579-

4585.)  Based in part on the testimony of the vocational expert, the ALJ determined Plaintiff could

perform the jobs of information clerk, storage facility rental clerk, and marker.  (Tr. 4544.)

Accordingly, the ALJ determined Ms. Neal was not disabled.  (Tr. 4545.)

The Appeals Council denied Plaintiff's request for a review of the ALJ's decision, making

her decision the final decision of the Commissioner.  (Tr. 1-5.)  Plaintiff filed the instant Complaint

initiating this appeal.  (Doc. No. 1.)

In support of her Complaint, Plaintiff argues that the ALJ failed to consider alternative

---

[2] 20 C.F.R. §§ 404.1520(d), 404.1525, and 404.1526.

3

explanations for gaps in her treatment.  (Doc. No. 12 at 6-8.)  As Plaintiff argues, the ALJ's decision rests, at least in large part, on the lack of treatment in recent years.  (Tr. 4538-4539, 4542-4543.)  She argues:

> A lapse in treatment, or a failure to follow recommendations of treating providers is only relevant inasmuch as: (a) the "treatment is expected to restore [the claimant's] ability to work" and (b) if there is not a "good reason" to continue such treatment. Id. 23. At no point in the ALJ's decision did she analyze whether any recommended treatment for the Plaintiff would restore her ability to work. Indeed, while the ALJ clearly based her opinion on the Plaintiff's being "noncompliant with treatment recommendations," (R.4539) the ALJ failed to spend any part of her opinion outlining precisely what recommendations those were, or how compliance with those recommendations would be expected to restore Plaintiff's ability to work.

(Doc. No. 12 at 6-7.)

The Commissioner counters, "the ALJ did explore the reasons for any treatment gaps not only at the February 2025 administrative hearing, but also in her decision, where she explained why the reasons were not supported by the evidence of record (Tr. 4538-4539, 4563- 4565)." (Doc. No. 25 at 5.)  I agree with the Commissioner here.

Plaintiff's testimony was inconsistent, at best.  (Tr. 4572-4577.)  Given the inconsistencies in plaintiff's statements, the lack of medical evidence in support of plaintiff's allegations, the lack of aggressive treatment for her impairments, the lack of restrictions placed on plaintiff by her physicians, and her functional capabilities, the ALJ could correctly discount Plaintiff's subjective complaints.  *See Thomas v. Sullivan*, 928 F.2d 255, 259-60 ( 8th Cir. 1991); *Cabrnoch v. Bowen*, 881 F.2d 561, 564 (8th Cir. 1989).

And while Plaintiff suggests she is unable to afford treatment, she can afford her expensive habits of using marijuana and smoking cigarettes.  Also, as the Commissioner correctly points out, there is no evidence that plaintiff attempted to find any low cost or no cost medical treatment for her alleged pain and disability.  *See Murphy v. Sullivan*, 953 F.2d 383, 386-87 (8th Cir. 1992).

4

That is inconsistent with the degree of pain and disability asserted.

As far as Plaintiff's argument that the ALJ failed to explain how treatment would restore her ability to work, the ALJ correctly noted that taking her prescribed medication for gastroparesis helped to control her symptoms and curbing her use of marijuana stopped her nausea and vomiting. (Tr. 4536.)   These findings are supported by the evidence of record.

I also note that although Plaintiff claimed significant physical and mental limitations, no physician has placed any significant restrictions upon her.   The lack of any significant restrictions on Plaintiff's activities by her doctors is inconsistent with her claim.  *See Smith v. Shalala*, 987 F.2d 1371, 1374 (8th Cir. 1993).

Plaintiff also argues that the ALJ erred in not finding a closed period of disability.  (Doc. No. 12 at 8-10.)  But after closely reviewing the massive record in this case, I find no evidence to support an allegation of disability.  However, the objective medical records simply fail to support a claim of complete disability.  "Disability" is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. § 423(d)(1)(A) (emphasis added).  A "physical or mental impairment . . . results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques."  42 U.S.C. § 423(d)(3).  While Ms. Neal clearly suffers from pain and limitation from her physical and mental impairments, I find the ALJ's decision that she can perform a limited range of light work to be supported by substantial evidence.  For example, state agency doctors, Laurie Clemens, Ph.D., Diane Kogut, Ph.D., David Hicks, M.D., and William Harrison, M.D., all evaluated the records early on in this case and found nothing disabling.  (Tr. 108, 110-112, 139-140, 141-142.)  And

while the ALJ did not find these opinions to be "fully persuasive," she did carefully review their findings and found them to be "generally persuasive" as they assessed Plaintiff could perform unskilled light work. (Tr. 4541-4542.)

I realize Ms. Neal suffers from some degree of pain and limitation from both her physical and mental impairments. But the record contains ample support as a whole that "a reasonable mind might accept as adequate to support [the] conclusion" of the ALJ in this case. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *see also, Robertson v. Sullivan*, 925 F.2d 1124, 1126-27 (8th Cir. 1991).

Plaintiff is reminded she had the burden of proving her disability. *E.g., Sykes v. Bowen*, 854 F.2d 284, 285 (8th Cir. 1988). Thus, she bore the responsibility of presenting the strongest case possible. *Thomas v. Sullivan*, 928 F.2d 255, 260 (8th Cir. 1991). Plaintiff has simply not met that burden.

Ms. Neal's counsel has done an admirable job advocating for her rights. But it is not the task of a court to review the evidence and make an independent decision. Neither is it to reverse the decision of the ALJ because there is evidence in the record which contradicts her findings. The test is whether there is substantial evidence on the record as a whole which supports the decision of the ALJ. *E.g., Mapes v. Chater*, 82 F.3d 259, 262 (8th Cir. 1996); *Pratt v. Sullivan*, 956 F.2d 830, 833 (8th Cir. 1992).

I have reviewed the entire record, including the briefs, the ALJ's decision, the transcript of the hearing, and the medical and other evidence. The Commissioner's decision is not based on legal error.

IT IS, THEREFORE, RECOMMENDED that the final decision of the Commissioner be affirmed, and that Plaintiff's Complaint be dismissed with prejudice.

6

DATED this 13th day of May 2026.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE